[No. 479.    August 21, 1891.]

## JOHN D. W. VEEDER, APPELLANT, v. CALVIN FISKE, APPELLEE.

REPLEVIN—JUDGMENT—ORDER OF RESTITUTION, AFFECTING RIGHTS OF STRANGER TO RECORD—REMEDY.—In an action of replevin for the recovery of certain personal property detained, where the judgment was regular on its face, and not set aside, an order for restitution duly followed the judgment, as a necessary incident; and if its execution injuriously affected a stranger to the record, his remedy was by an independent action, and not by a summary proceeding affecting the judgment.

APPEAL, from an order vacating an order for restitution, restoring to plaintiff certain property taken from him by the sheriff summarily, from the Fourth Judicial District Court, San Miguel County. Order vacating order for restitution, reversed.

JOHN D. W. VEEDER for himself.

When the writ of replevin was placed in the hands of the sheriff for service, he was bound, under the statute, to execute the same by delivering the goods and chattels mentioned in the declaration and writ of replevin, to the plaintiff. Sec. 1979, Comp. Laws, 1884.

The statute provides that the sheriff shall be responsible on his official bond on returning to the defendant, his agent or attorney, any property replevied under the writ. Secs. 1990, 1991, Comp. Laws, 1884.

After the service of the writ of replevin, the property replevied, whether in possession of the plaintiff under his bond, given at the commencement of the action, or in possession of the defendant, his agent or attorney, under his forthcoming bond, returned by the sheriff with his writ into court, remains until the termination of the suit, in the custody of the law, and no act subsequent to the service of the writ can divest the court of its jurisdiction and control over it in rendering a judgment. Wells on Replevin, sec. 476; Hunt v. Robinson, 11 Cal. 272, 267; Hagan v. Lucas, 10 Pet. U. S. 400.

The express purpose of a suit of replevin is to recover the possession of specific chattels, and when such chattels are found, the sheriff, under the statute, must so act in reference to them as to place them in the custody of the law, under the jurisdiction and control of the court, for the purpose of rendering a

judgment in accordance with the object and purpose of the action, and for the accomplishment of that purpose, to wit: the recovery of the possession of such chattels. Wells on Replevin, secs. 768–774; Nickerson v. Chatterton, 7 Cal. 568; Smith v. Coolbaugh, 19 Wis. 118; Thompson v. Seheid, 38 N. W. Rep. (Minn.) 801; Clark v. Warner, 32 Iowa, 219.

Where the defendant, by his plea, as in this case, admits that the plaintiff is entitled to the possession of all the property mentioned in the declaration and writ of replevin, and the return of the sheriff shows that certain of the property taken by him under the writ, has been delivered to someone, presumably an agent or attorney for the defendant, under a forthcoming bond, the only judgment the court can enter under such a state of the pleadings, and the return of the sheriff, is for a return of all such property thus situated. Wells on Replevin, sec. 777; Johnson v. Frazer, 18 Pac. Rep. (Idaho) 48.

The judgment thus entered is conclusive upon the parties to the suit, and gives the relief to which plaintiff is entitled. In this case it orders that the property taken from the plaintiff shall be returned to him, and that an order be issued, directed to the sheriff, to return the same. The order issued by the clerk of the court in this case upon the judgment is the order required and referred to in the judgment, to be issued in order to carry the judgment into effect. It issues as a matter of course upon the judgment, just as an execution issues upon a judgment for a specific sum of money. Archibeque v. Miera, 1 N. M. 419; sec. 2157, Comp. Laws, 1884.

W. J. MILLS for appellee.

### STATEMENT.

This was an action to recover possession of certain chattels and personal property detained by the defend-

ant.    A writ of replevin directed to the sheriff had been issued in behalf of the plaintiff.    The sheriff executed the writ, and delivered the property to plaintiff, in whose hands it remained for four days. The sheriff then took from the possession of the plaintiff a portion of the property, viz.: one Mosler, Bomen & Company safe, the property in controversy, and delivered it to one C. L. Houghton.    Plaintiff recovered a judgment, and an order was made for the return of the property to him.    The clerk thereupon issued an order in the nature of a writ of restitution directed to the sheriff, requiring him to return the safe to the plaintiff.    The sheriff, who was not a party to the action and had not intervened nor claimed any interest in the controversy prior to the judgment, moved for leave to show cause why he should be discharged from the order of restitution.    Over the objection of plaintiff the sheriff was allowed to file affidavits to support his motion for a discharge, and the court, after considering the motion and affidavits, vacated the order for restitution of the property.

### OPINION.

PER CURIAM.—The judgment below is regular on its face, and it was not opened or set aside.    The order for restitution duly followed the judgment, being a necessary incident.    If its execution injuriously affected a stranger to the record, he had an obvious remedy by an independent action, but no right to any summary proceedings affecting the judgment or its result. Therefore, the order vacating the order for restitution was by an inadvertence irregularly made, and must be reversed, and the cause remanded to the district court for further action not inconsistent with this opinion.